**FILED**
**CLERK**

9:56 am, Jul 02, 2018

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

SHANTE GRAHAM,

                Plaintiff,

          -against-

MERCHANTS CAPITAL ACCESS, JOHN
SNEAD, STEVE BERNADONE, AND
MATTHEW BYRON,

              Defendants.

-----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:17-cv-05598 (ADS)(AKT)

**APPEARANCES:**

**Valerie A. Hawkins, Esq.**
*Counsel for the Plaintiff*
77 Saint Pauls Road North
Hempstead, NY 11550

**Nixon Peabody LLP**
*Counsel for Defendants*
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753
        By:    Tara E. Daub, Esq.,
                Christopher J. Moro, Esq., Of Counsel

**SPATT, District Judge**:

On September 25, 2017, Shante Graham ("Graham" or the "Plaintiff"), commenced this

action against Merchants Capital Access, LLC ("MCA"), John Snead, Steve Bernadone, and

Matthew Byron (together, the "Defendants"), alleging violations of Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the New York State Human Rights Law. Pursuant

to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 4(m), the Plaintiff had until

December 26, 2017 to effectuate service on the Defendants. The Plaintiff failed to do so within the allotted time.

On December 29, 2017, the Defendants filed a motion to dismiss pursuant to Rule 4(m) and 12(b)(5), seeking to dismiss the complaint for failure to effectuate service. The Plaintiff never responded and on February 2, 2018, the Defendants filed a letter with the Court noting the Plaintiff's failure to respond and urging the Court to grant the Defendants' motion. In January 2018, during the intervening time, the Plaintiff filed a letter motion with Magistrate Judge Tomlinson, requesting an adjournment of the initial conference. Between February 1, 2018 and February 9, 2018, counsel for the parties exchanged correspondence regarding the lack of service for the first time. On February 12, 2018, the Plaintiff filed an amended complaint as well as a motion seeking an extension of time to serve the amended complaint.

Presently before the Court is the Defendants' motion to dismiss and the Plaintiff's motion seeking an extension of time to serve the amended complaint. For the reasons that follow, the Defendants' motion to dismiss is granted and the Plaintiff's motion is denied.

## I. DISCUSSION

### A. STANDARD OF REVIEW: FED. R. CIV. P. 12(B)(5)

The proper vehicle for challenging the lack of viable service is a motion to dismiss pursuant to Rule 12(b)(5). *See Cincotta v. Hempstead Union Free Sch. Dist.*, No. 15–cv–4821, 2016 WL 4536873, at *6 (E.D.N.Y. Aug. 30, 2016).

Rule 4(m) provides, in pertinent part, that

[i]f a defendant is not served within 90 days after the complaint is filed, the court—
on motion or on its own after notice to the plaintiff—must dismiss the action
without prejudice against that defendant or order that service be made within a
specified time. But if the plaintiff shows good cause for the failure, the court must
extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). A party seeking an extension for good cause "bears a heavy burden of proof." *Naglieri v. Valley Stream Cent. High Sch. Dist.*, No. 05 Civ. 1989, 2006 WL 1582144, at \*3 (E.D.N.Y. May 26, 2006). As the 90-day time limit set forth in Rule 4(m) has expired, the Defendants' motion is timely. *Id*. Courts in the Second Circuit determining good cause look to (1) the diligence and reasonableness of the plaintiff's efforts to serve, and (2) prejudice to the defendants from the delay. *See Walters v. Suffolk Cty.*, No. 09-CV-556, 2014 WL 940734, at \*3 (E.D.N.Y. Mar. 11, 2014); *Visco v. Brentwood Union Free Sch. Dist.*, 991 F. Supp. 2d 426, 432 (E.D.N.Y. 2014).

In the absence of good cause, an extension may still be granted at the court's discretion. In this Circuit, "a district court may grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).

## B. GOOD CAUSE

"In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Generally, good cause is found "only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (internal quotation marks and citations omitted). The Second Circuit has indicated that "before [it] will even consider vacating a Rule 4(m) dismissal ... the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198 (citing *Bogle–Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006)). Here, the Court finds that none of the excuses provided by Plaintiff rises to the level of good cause excusing her failure to timely serve the Defendants.

The excuses put forth by the Plaintiff constitute nothing more than law office failure. Mere inadvertence, delay, or mistake by counsel does not constitute good cause requiring the court to grant an extension of time in which to serve. *See, e.g.*, *Alsaidi v. City of New York*, No. 12-CV-5771, 2013 WL 4052880, at *4 (E.D.N.Y. Aug. 12, 2013); *Abreu v. City of New York*, 657 F. Supp. 2d 357, 362 (E.D.N.Y. 2009). While the Court is sympathetic to the Plaintiff's recent illness and to the recent death of a relative of the Plaintiff's counsel, these occasions cannot excuse counsel's lack of attention to her professional responsibilities.

Accordingly, the Court finds that the Plaintiff has failed to demonstrate good cause and turns to the question of whether it should, in the exercise of its discretion, grant an extension regardless of this failure.

## C. DISCRETIONARY EXTENSION WITHOUT GOOD CAUSE

The Court considers the following factors when deciding whether to exercise such discretion: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; (4) whether the defendant would be prejudiced" by extending the time for service. *Jordan v. Forfeiture Assocs.*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013) (quoting *Carroll v. Certified Moving & Storage Co.*, No. 04-cv-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005)).

Having weighed the various factors, the Court exercises its discretion by declining to grant an extension. Although the Court notes that the balance of these factors are neutral, even if the balance tipped slightly in favor of the Plaintiff, in the Second Circuit, "even if the balance of hardships favors the plaintiff, a district court may still decline to excuse a failure to timely serve

4

the summons and complaint where the plaintiff fails to advance some colorable excuse for neglect." *Vaher*, 916 F. Supp. 2d at 421 (citing *Zapata*, 502 F.3d at 198 & n.7).

The Court declines to exercise its discretion here to extend the time to serve the summons and complaint. Accordingly, the Defendants' motion to dismiss for failure to effectuate service is granted.

## II.  CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss pursuant to Rule 12(b)(5) is granted. The Plaintiff's claims are dismissed without prejudice. The Clerk of the Court is respectfully directed to close the case.

It is **SO ORDERED**:

Dated:  Central Islip, New York

July 2, 2018

_/s/ Arthur D. Spatt_

ARTHUR D. SPATT

United States District Judge